IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMONDNET, INC., and<br>INTENT IQ, LLC,<br><br>         Plaintiffs,<br><br>v.<br><br>MEDIA.NET SUPPORT, INC., and<br>MEDIA.NET ADVERTISING FZ-LLC,<br><br>         Defendant. | Case No. 1:25-cv-1354-UNA<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. ("AlmondNet") and Intent IQ, LLC ("Intent IQ") (collectively, "Plaintiffs") make the following allegations against Defendants Media.net Support, Inc. and Media.net Advertising FZ-LLC (collectively, "Media.net" or "Defendant"):

**INTRODUCTION AND PARTIES**

1.      This complaint arises from Defendant's unlawful infringement of the following United States patents, which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 8,677,398 (the "'398 Patent") and 8,959,146 (the "'146 Patent") (collectively, the "Asserted Patents"). Intent IQ owns the '398 patent and holds all enforcement rights. AlmondNet owns the '146 patent and holds all enforcement rights.

2.      AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. Intent IQ, LLC is a Delaware limited liability company, having its place of business

at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. AlmondNet, Inc. and Intent IQ, LLC, are collectively referred to herein as the "Plaintiffs."

3. Founded in 1998, AlmondNet and its affiliates have developed an extensive suite of industry-leading targeted advertising solutions and products. AlmondNet is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

4. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. IIQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

5. On information and belief, Media.net Advertising FZ-LLC ("Media.net Advertising") is a Dubai corporation headquartered at 2701 Aurora Tower, Dubai Media City, Dubai 215028, UAE, at which Media.net Advertising can be served with process.

6. On information and belief, Media.net Support, Inc. ("Media.net Support") is a corporation organized under the laws of the state of Delaware, with a corporate address at 45 W 34th Street New York, New York 10001. On information and belief, Media.net Support cooperates with Media.net Advertising to offer services in the United States. *See* Ex. 1 (listing Media.net Support's type of business as "SUPPORT SERVICES TO GROUP COMPANIES"). Media.net

Support may be served via its Delaware registered agent VALIS Group Inc. 501 Silverside Road, Wilmington, Delaware 19809.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants in this action because Media.net Support is incorporated under the laws of the state of Delaware, Defendants have committed acts of infringement within this District giving rise to this action, and Defendants have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents. *See, e.g.*, https://www.media.net/privacy-policy/ (cited by Ex. 2 at 31) (privacy policy for "Media.net Advertising FZ-LLC," stating "if you are a . . . Delaware . . . consumer, you have the right to: . . . Opt out of targeted advertising").

9. Venue is proper in this District because Media.net Support is incorporated under the laws of the State of Delaware and because, on information and belief, Media.net Advertising is a foreign company that is not resident in the United States and has committed acts of infringement in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,677,398

10.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

11.     U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014 ("the '398 patent"). A true and correct copy of the '398 patent is attached as Exhibit 3.

12.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (Media.net's Sell-Side aka Supply-Side Platform (SSP) and related components, including but not limited to components such as Media.net Curated Marketplace, Optimization, Deals Desk, Media.net's identity graph, Frequency Capping, and ELEVATE) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

13.     Defendant, though the Accused Instrumentalities, performs all claim limitations of one or more method claims of the '398 patent. A claim chart comparing independent method claim 13 of the '398 patent Defendant's infringing activity is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

14.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiffs and is liable for infringement of the '398 patent pursuant to 35 U.S.C. § 271.

15.     As a result of Defendant's infringement of the '398 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

16. Plaintiffs are entitled to past damages for Defendant's infringement of the '398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '398 patent.

17. Defendant's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '398 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,959,146

18. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

19. U.S. Patent No. 8,959,146, titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on February 17, 2015 ("the '146 patent"). A true and correct copy of the '146 patent is attached as Exhibit 4.

20. By providing the Accused Instrumentalities (including the Media.net Sell-Side aka Supply-Side Platform service), Defendant knowingly and intentionally induces infringement of one or more method claims of the '146 patent in violation of 35 U.S.C. § 271(b). Defendant induces infringement of the '146 patent by facilitating the delivery of a demand side platform's ("DSP's") ID, which is generated as a result of a cookie sync with a DSP, via one or more fields included in a bid request. *See* https://iabtechlab.com/id-generation-provenance-and-clarification/. The purpose of providing this ID value is so that DSPs can use profile information associated with that ID for purposes of targeting, as recited in claim 1 of the '146 patent. *See id.*; https://adalytics.io/blog/user-id-rotation ("In programmatic advertising, vendors utilize user IDs

to build audience profiles and decide how to serve targeted ads. For example, a user with a given user ID might frequent a lot of gardening websites, and consequently, when ad tech vendors 'see' that specific user ID, the vendors serve ads to that user ID from advertisers who are promoting gardening tools"); [https://help.smartadserver.com/articles/Knowledge/Extended-User-Identification](https://help.smartadserver.com/articles/Knowledge/Extended-User-Identification) ("User identification across the inventory chain from Supply to Demand is critical to allow for targeting…."). As shown by the above evidence, it is well known in the industry that identifiers provided to bidders, e.g., DSPs, are used to target advertisements to users based on profile information collected from other websites.

21. A claim chart comparing independent method claim 1 of the '146 patent to a representative Accused Instrumentalities is attached as Exhibit 5, which is hereby incorporated by reference in its entirety.

22. As shown in Exhibit 5, the DSP's use of the Media.net-provided identifiers (or identifiers derived from the identifiers provided by Media.net) to use profile information to submit a bid response to target advertisements directly infringes the '146 patent, and thus provision of those IDs in a bid request as well as monetizing the publisher's ad space by accepting the price condition in the bid response received from the DSP induces to the infringement of the '146 patent. On information and belief, Media.net intends for this identifier-based targeting to occur, because it results in more bid responses at higher prices. Despite this knowledge of the '146 patent, Defendant continues to make, use, offer for sale, sell, and and/or import the Accused Instrumentalities, and to actively encourage and instruct customers and other companies to make, use, offer for sale, sell, and/or import the Accused Instrumentalities in ways that directly infringe the '146 patent. Defendant does so intending that its customers and end users will commit these infringing acts.

23. As a result of Defendant's infringement of the '146 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

24. Defendant's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '146 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a. A judgment in favor of Plaintiffs that Defendant has directly infringed the '398 patent, either literally and/or under the doctrine of equivalents;

b. A judgment in favor of Plaintiffs that Defendant has induced infringement of the '146 patent;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

d. A judgment and order requiring Defendant to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

e. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendant; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: November 6, 2025

Of Counsel:

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
Susan Y. Tull
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
stull@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*